FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 04 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RANDY A. SMITH                                                                                           PLAINTIFF

VS.                       NO. 4:12-CV-003 SWW

UNITED STATES OF AMERICA                                           DEFENDANT

**COMPLAINT**

*This case assigned to District Judge Wright and to Magistrate Judge Kearney*

COMES THE PLAINTIFF, by his attorneys, Sandy S. McMath & Associates, PA, and for his cause of action against the defendant states and alleges as follows:

I.

Plaintiff is a veteran of the Armed Forces of the United States, Social Security Number 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, who resides at 117 Sunset Lane, North Little Rock, AR 72118.

II. Defendant is the United States of America, hereinafter "defendant", who is the operator of the said prison.

II.

Defendant is the United States of America, who, at all times relevant herein was the owner and operator of the John L. McClellan Veterans Administration (VA) Hospital complex and its affiliated facilities in central Arkansas.

III.

This action is brought pursuant to the Federal Tort Claims Act, 28 USC Sec. 2671, et seq. This Court has jurisdiction hereof pursuant to 28 USC Sec. 1346(b). The negligence alleged in this Complaint occurred in Pulaski County, Arkansas, hence venue in this Division of this Court is proper pursuant to 28 USC Sec. 1402(b).

IV.

On or about January 28, 2008, a bone marrow biopsy taken from plaintiff was tested positive for multiple myeloma. Although included in his chart, the test results were never communicated to plaintiff by the defendant's medical, nursing or administrative staff, including any of his treating or servicing physicians or those who later treated and/or serviced him for more than twenty-eight (28) months, until on or about April 27, 2010 when he was informed by an-examining physician, one Dr.Kahn, first name unknown, following another biopsy test, who told plaintiff that, "your multiple myeloma indicators have doubled from thirty per-cent (30%) to sixty per-cent (60%) since your'08 test," or words to that effect. This news stunned and shocked plaintiff, who had no idea that he had contracted multiple myeloma or any other cancer.

V.

Immediately after the results of the April 2010 test became known, defendant's staff ordered plaintiff to begin concentrated chemotherapy at the McClellan VA medical center, which they arranged to begin on or about June 1, 2010, and continue through mid-December, 2010. This regime included simultaneous high-dosage injections of Velcade, a powerful anti-cancer compound, and ten (10) steroid tablets. This dosage was supplemented by a once-nightly dose of Revlimid in tablet form. Following a two (2) month hiatus with negligible results, plaintiff was ordered to undergo Extremely High Dose ("Mega-Dose") Chemotherapy at Audie Murphy VA Hospital in San Antonio, TX, where he was given sustained dosages of even more potent compounds over a two (2) month period, beginning on or about February 11, 2011 and continuing through April 27, 2011, toward the end of which he received an autologous bone marrow transplantation.

The disease, though considerably advanced, has been momentarily stabilized pursuant to the foregoing procedures and medication, but is subject to recur in intensity at any time.

VI.

All of the physicians, nurses, administrators, and other health care personnel identified or referred to in this Complaint, or whom the evidence may show were charged with the care of plaintiff or who were assisting in that care, either directly or indirectly, were employees, servants, and/or agents of the defendant acting within the course and scope of such employment and/or agency with the defendant and under its direction and control, for all of whose conduct, actions or inactions the defendant is responsible *respondeat superior.*

VII.

Defendant, both directly and through its medical, nursing and administrative personnel at McClellan VA hospital was negligent in the following particulars:

1. Failing to promulgate and publish proper standards and procedures to assure the prompt and accurate reporting of adverse test results, such as the presence of multiple myeloma and other cancers, to patients, such as plaintiff, so as to fully inform them of their infection with a potentially deadly disease so as to enable them to knowledgably to take whatever steps they may elect to seek immediate care or a second opinion as to the disease or the nature of such care and treatment and/or to enquire of its progress and/or remission from their provider.

2. Failing properly to supervise its medical staff, particularly in pathology, radiology and oncology, so as to assure that such policies and procedures were

3

published and known to such employees and that they were following them, irrespective of whether they had been disseminated to them in written format.

3. Failure promptly and accurately to inform plaintiff on January 28, 2008, or as soon thereafter as practicable but within a reasonable time after the positive multiple myeloma test results were obtained which indicated that he had contracted the disease and what care was available for him.

4. Failure on or about January 28, 2008 to advise plaintiff of the availability of low to moderate dose chemotherapy and/or other alternative means to attempt to combat the disease.

5. Falure to promptly institute a regime of low to moderate dose chemotherapy and/or other care options to deal with plaintiff's multiple myeloma on or about January 28, 2008, instead not affording the patient and his family an opportunity to begin treating the disease immediately..

6. Failing specifically to call the attention of other physicians and health care personnel working with plaintiff to the adverse test results so as to seek their individual and collective engagement to institute an early moderate and progressive regime of care in early 2008, more than two (2) years sooner than was in fact done so as to maximize the potential of less dramatic and intensive intervention that that which was required after the disease had progressed unchecked and unaddressed for more than two (2) years.

VIII.

As a direct and proximate result of the negligence of the defendant, plaintiff lost more than two (2) years opportunity to combat the disease which, though not curable,

may have been significantly stayed, retarded, interrupted or arrested in its progression for a far greater time than is now possible even with the mega-dosages of chemotherapy and medications now available to him.

Because of the necessity of his having to undergo extremely high dosages of chemotherapy plaintiff has endured extreme pain, suffering, mental anguish and emotional distress and will so endure in the future. He has sustained a chronic disruption of sleep, being unable to rest peacefully for long periods of time, has sustained a disruption of bladder and bowel movements, leading alternately to long periods of constipation followed by diarrhea and cramping, has undergone severe depression and anxiety, has sustained a loss of income and ability to earn and will so sustain in the future and has been injured in his hedonic quality of life and a loss of consortium, all of which have damaged him in the amount of $3, 500,000.00 (three million, five hundred thousand dollars).

WHEREFORE, ALL PREMISES CONSIDERED, plaintiff prays judgment against the defendant for an amount which will fully and fairly compensate him for the damages hereinabove described, up to and including the sum of $3,500.000.00, for his costs herein and for all other appropriate relief to which he shall be entitled.

                                          Sandy S. McMath, PA

                                          711 West 3d Street
                                          Little Rock, AR 72201
                                          501-396-5414
                                          501-374-5118 (FAX)
                                          sandymcmath@aol.com
                                          BY_____
                                          SANDY S. MCMATH
                                          AR BAR NO. 66049

## CERTIFICATE OF SERVICE

   Pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure, a file-marked copy hereof and a duly executed Summons, are being served this 4th day of January 2012 by Certified United States Mail, Return Receipt Requested, upon the following: Honorable Eric Holder, Attorney General of the United States, 5137 Robert F. Kennedy Building, 10th Street & Constitution Avenue NW, Washington, DC 20530; Honorable Christopher R. Thyer, United States Attorney, Eastern District of Arkansas, P.O. Box 1229, Little Rock, AR 72203, Ms. Jeffifer Niemeyer, Civil Process Clerk; U.S. Attorney's Office, E.D. AR, P.O. Box 1229, Little Rock, AR 72203; Mr. Paul J. Hutter, Department of Veterans Affairs, Office of the General Counsel, 810 Vermont Avenue, N.W. 021 B, Washington, D.C. 20420; Mr. Vedesco Tony Smith, Regional Counsel, Veterans Administration, 2200 Fort Roots Drive, Building NO. 5, North Little Rock, AR 72114, ATTN: Federal Tort Claim Attorney.

                               SANDY S. MCMATH